```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

MICHELLE RANDOLPH,                :
                                  :     HONORABLE JOSEPH E. IRENAS
           Plaintiff,             :
                                  :     CIVIL ACTION NO. 05-6022 (JEI)
      v.                          :
                                  :              **OPINION**
BAPTISTE BARON,                   :
HAROLD FRANCIS, and               :
CARNIVAL DESTINY CRUISE LINES,    :
                                  :
           Defendants.            :

**APPEARANCES:**

CUNEO & HENSLER
By: Robert J. Hensler
885 Haddon Avenue
Collinswood, NJ  08108
      Counsel for Plaintiff

BENNETT, GIULIANO, McDONNELL & PERRONE, LLP
By: JOSEPH J. PERRONE
210 Littleton Road
P.O. Box 513
Morris Plains, NJ  07950
      Counsel for Defendant Carnival Destiny Cruise Lines


**IRENAS**, Senior District Judge:

   Plaintiff brings this action asserting claims for personal injury against Defendants Baron and Francis[1] and claims for negligent diversion of vessel and failure to warn against Defendant Carnival Destiny Cruise Lines.  Carnival Destiny Cruise Lines ("Defendant") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).  In the alternative,

---

[1] There is no evidence that process was served on Defendants Baron and Francis, and no counsel for Baron or Francis is currently listed on the docket.

Defendant requests that the Court transfers this matter to the Southern District of Florida pursuant to 28 U.S.C. § 1631.  For the reasons set forth below, the Court will treat this motion as a motion to transfer pursuant to 28 U.S.C. § 1404(a) and transfer this case to the Southern District of Florida.

## I.

Plaintiff booked a cruise though her travel agency in early December 2003.  On December 13, 2003, Defendant mailed the boarding pass and passenger ticket contract to the travel agency to be distributed to Plaintiff.

The first page of the cruise ticket contract contained an underlined heading entitled "IMPORTANT NOTICE TO ALL GUESTS."  This heading was meant to draw passengers' attention to clauses thirteen through seventeen because they contained "IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS, AND EMPLOYERS AND OTHERS."

Clause 15 is a forum selection clause, which provides that:

> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject

>matter jurisdiction, before a court located in Miami-Dade county, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

Plaintiff signed the "Guest Ticket Acknowledgment" form at the time she boarded the cruise ship. Plaintiff does not recall having reviewed the documents nor was she, or any other passengers, given the opportunity to negotiate any of the provisions of the contract. However, Plaintiff does not contest the validity of her signature on the acknowledgment form.

Plaintiff boarded the vessel on January 12, 2004. During the cruise, the vessel docked at the Island of Dominica. Plaintiff contends that Defendant diverted the vessel to Dominica from another destination. Neither Plaintiff nor Defendant provided the location at which the vessel was originally supposed to stop.

While ashore on Dominica, Plaintiff and several other passengers took a trip not sanctioned by Defendant and were injured in a van accident. Plaintiff alleges that Defendant Baron was operating the van recklessly, and in an effort to avoid colliding with an oncoming vehicle operated by Defendant Francis, the van ran into the side of a mountain. Plaintiff sustained multiple injuries.

Plaintiff commenced this action on December 30, 2005, asserting diversity jurisdiction under 28 U.S.C. § 1332 and proper venue under 28 U.S.C. § 1391. On June 7, 2006, Defendant

moved to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) based upon the forum selection clause.  In the alternative, Defendant requests the Court to transfer this matter to the Southern District of Florida.

## II.

### A.

In federal courts, the effect of a contractual forum selection clause in a diversity case is determined by federal, not state, law.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).  Because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature, federal law applies in diversity cases irrespective of [the Erie Doctrine]."  *Id.* (quoting *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991)).

In the Third Circuit, the procedure for enforcing a forum selection clause is to bring a motion to transfer from the initial federal forum to another federal court.  *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001).  Alternatively, a Rule 12(b)(6) dismissal is also a "permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."  *Id.* at 298; *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir.

1988).  However, the Third Circuit cautions that "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss."  *Salovaara*, 246 F.3d at 299.

If transfer is the appropriate remedy, both 28 U.S.C. § 1404(a) and § 1406 vest the district courts with the power to do so.  To determine which statute is appropriate, the inquiry is whether the district court in which the plaintiff commenced the original action is a proper venue.  *See Jumara*, 55 F.3d at 878.  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Id.*  Only § 1406 can support a dismissal.  *Id.*

Without considering the forum selection clause, venue in New Jersey is proper.  Defendant is an Panamanian corporation.  (Menendez Aff., Df. Ex. 5, ¶ 3)  Under 28 U.S.C. § 1391(d), an "alien may be sued in any district."  The same rule is applied to an alien corporation.  *Brunette Mach. Works, Limited v. Kockum Industries, Inc.*, 406 U.S. 706 (1972).  The fact that Defendant has its principal place of business in Miami, Florida does not change the result.  *See Mizrahi v. Great-West Life Assur. Co.*, No. Civ. A. 99-819, 1999 WL 398714 at *1 (E.D. Pa. June 17, 1999)

5

(applying § 1391(d) to a Canadian corporation with principal place of business in Colorado).

Thus, because venue could have been proper in New Jersey without the forum selection clause, outright dismissal is inappropriate. Instead, the procedural vehicle for enforcement of the forum selection clause should be a motion to transfer the case to the Southern District of Florida under 28 U.S.C. § 1404(a). *Jumara*, 55 F.3d at 878; *Salovaara*, 246 F.3d at 297.

B.

Plaintiff challenges the validity of the contractual forum selection clause contained in the passenger ticket contract. In the Third Circuit, a forum selection clause is presumptively valid and will be enforced unless the party objecting to its enforcement establishes that: (1) it is the result of fraud or overreaching; (2) enforcement would violate strong public policy of the forum; or (3) enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable. *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 F.App'x 844, 846 (3d Cir. 2003) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir. 1983)); *see also Wall Street Aubrey Golf, LLC v. Aubrey*, No. 05-5027, 2006 WL 1525515, *2 (3d Cir. June 05, 2006) ("Forum selection clauses are entitled to great weight, and

6

are presumptively valid.").

Plaintiff does not argue that it would be inconvenient for her to litigate this case in the Southern District of Florida or that the forum selection clause was obtained through fraud or overreaching.[2]  Instead, Plaintiff argues that the forum selection clause in this case violates New Jersey public policy regarding consumer protection.  (Pl. Br. pp. 4-6)

Contrary to Plaintiff's contention, the forum selection clause is not offensive to New Jersey public policy.  Generally, forum selection clauses "are prima facie valid and enforceable in New Jersey..."  *Paradise Enterprises Ltd. v. Sapir*, 356 N.J. Super. 96, 103 (App. Div. 2002).  More specific to this case, the Appellate Division of the Superior Court of New Jersey recently enforced a forum selection clause in the context of a cruise ticket contract.  *Finkelschtein v. Carnival Cruise Lines*, 2006 WL 1492469 (N.J. Super. Ct. App. Div. June 1, 2006).  Indeed, in that case, the Appellate Division specifically noted that public policy is not implicated with regard to forum selection clauses in cruise line passenger tickets.  *Id.*  Thus, the forum selection clause here is enforceable in New Jersey.

---

[2]   In any event, the Court notes that in *Carnival Cruise Lines v. Shute*, the Supreme Court did not consider Florida to be an inconvenient forum for residents of the State of Washington, and the inability of passengers to bargain with the cruise line company is not overreaching.  499 U.S. 585 (1991).

C.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Typically, the burden of establishing the need for transfer rests with the movant, *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), and the plaintiff's forum choice "should not be lightly disturbed." *Jumara*, 55 F.3d at 879.

However, when a plaintiff has already freely contractually chosen an appropriate venue, deference to his subsequent choice of a different forum is inappropriate. *Jumara*, 55 F.3d at 880; *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). In addition, when the forum selection clause is valid, the plaintiff bears the burden of demonstrating why the contractual choice of forum should not be binding. *Jumara*, 55 F.3d at 880; *see also The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972).

In ruling on § 1404(a) motions, courts must consider "both the private and public interests affected by the transfer."[3]

---

[3] As a threshold matter, courts must determine that transferee district is one in which the plaintiff could have commenced the action. *Hoffman v. Blaski*, 363 U.S. 335 (1960). Because the proposed transferee district in this case is the Southern District of Florida, Defendant's principal place of business, Plaintiff could have commenced the action there.


*Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003).  The private interest factors include: "(1) the convenience and preference of the parties, including the plaintiff's choice of forum; (2) the convenience of witnesses; and (3) access to books and records."  *Id.* at 337-38.  The public interest factors include: "(1) practical considerations that would make the trial easy, expeditious, or inexpensive; (2) court congestion in each forum; (3) the location where the events at issue took place and the interest of the respective courts in deciding local controversies; (4) enforceability of any judgment; and (5) the judge's familiarity with the applicable law."  *Id.*

Within this framework, a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.  *Jumara*, 55 F.3d at 880.  While not dispositive, "[a forum selection clause] is entitled to substantial consideration."  *Id.*

Plaintiff did not argue why the balancing of public and private interests should prevent the Court from transferring the matter.  Moreover, the fact that the alleged tort occurred in Dominica, where witnesses are likely located weighs in favor of transfer.  It would be more convenient for witnesses to travel from Dominica to Florida than to New Jersey.

**IV.**

For reasons set forth above, the Court will transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). The Court will enter an appropriate order.

Date: September 13th, 2006

<pre>
                              s/<i>Joseph E. Irenas</i>
                              JOSEPH E. IRENAS
                              Senior United States District Judge
</pre>